Austin B. Egan (13203)
**STAVROS LAW P.C.**
8915 South 700 East, Suite 202
Draper, Utah 84070
Tel: 801.758.7604
austin@stavroslaw.com
*Attorney for David Murphy*

## IN THE UNITED STATES DISTRICT COURT
## THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID MURPHY,<br><br>     Plaintiff,<br><br>vs.<br><br>KILGORE COMPANIES, A DELAWARE LIMITED LIABILITY COMPANY, doing business as KILGORE CONTRACTING and KILGORE COMPANIES, LLC<br><br>     Defendant. | **COMPLAINT**<br><br>**(Jury Demand)**<br><br>Case No. 1:21-cv-00059-DBP<br><br>Magistrate Judge Dustin B. Pead |

Plaintiff David Murphy, by and through his attorneys of record, brings this Complaint against Defendant Kilgore Companies, a Delaware Limited Liability Company, doing business as Kilgore Contracting.

### PRELIMINARY STATEMENT

Plaintiff brings this action for discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 USC § 621 *et seq*.

### PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff David Murphy ("Murphy") is a resident of Davis County, State of Utah. At all times relevant to this action, Murphy has been over 40 years of age.

1

2.       Defendant Kilgore Companies, a Delaware Limited Liability Company, does business "Kilgore Contracting" and "Kilgore Companies, LLC" (hereinafter referred to as "Kilgore"). Kilgore's principal office is located at 1550 Wynkoop Street, 3rd Floor, Denver, Colorado, 80202. Kilgore also maintains an office at 7057 West 2100 South, West Valley, Utah 84044.

3.       This Court has jurisdiction over this action pursuant to 29 U.S.C. § 626 and 28 U.S.C. § 1331.

4.       On or about August 20, 2020, Murphy filed a charge of discrimination with the Utah Antidiscrimination and Labor Division ("UALD") and the Equal Employment Opportunity Commission ("EEOC").

5.       On or about February 1, 2021, Murphy received his Notice of Right to Sue from the EEOC.

6.       The employment practices alleged to be unlawful were committed in Salt Lake County, State of Utah. Accordingly, venue is proper pursuant to 28 U.S.C. §§ 125 and 1391(b).

## FACTUAL ALLEGATIONS

7.       Kilgore is in the business of construction excavation, asphault, aggregate products, and selling concrete and related materials for use in commercial construction projects.

8.       In October 2013, Kilgore hired Murphy to work as a "Human Resources Generalist."

9.       Due to Murphy's excellent job performance, he was promoted to the position of "Human Resources Manager" ("HR Manager") in October 2017.

10.     As HR Manager, Murphy's job duties and responsibilities included, but were not limited to: overseeing all new hire orientations conducted in 5 states; maintaining the accuracy of the two HR databases while implementing a new one; completing all verifications of employments (VOEs); maintain and track employee leave time under applicable leave policies; maintaining and verifying compliance with Sarbanes Oxley (SOX) for all employee data changes to wage or benefits; providing employee training; and all other duties as assigned. Murphy performed the majority of his work duties at Kilgore's office in Salt Lake County, State of Utah.

11.     At all times relevant to this action, Murphy's performance of his duties and responsibilities met or exceeded Kilgore's reasonable expectations, and Murphy complied with Kilgore's employment policies.

12.     At all times relevant to this action, Murphy's direct supervisor was Justin Nelson.

13.     Despite Murphy's excellent job performance, on several occasions, Mr. Nelson made several comments directed at Murphy which demonstrated Nelson's age-based discriminatory animus.

14.     In December 2019, Murphy applied for but was passed over for a promotion to the position of "Human Resources Business Partner" (HRBP). Nelson did not recommend Murphy for the promotion and did not support Murphy's decision to apply for the promotion.

15.     Murphy was fully qualified for the HRBP position. The individual Kilgore selected for the position (Ms. Christensen) was under the age of 40 and she was far younger than Murphy.

16.     Christensen was less qualified than Murphy for the position. Christensen was hired by Murphy and was working under his management in the HR Service Center; she had far

less experience than Murphy, she had worked for Kilgore for less time than Murphy; she did not

hold any certifications as an HR practitioner; and she had less education than Murphy. In

contrast, Murphy earned a four-year degree, he earned a Professional in Human Resources

(PHR) certification since 2001, and he has decades of experience in the human resources

industry.

17.     On or about December 20, 2019, Murphy complained to Emily Olsen (Business

Partner for the concrete division) that the failure to promote was because of his age. On or about

December 19, 2019, Murphy also complained to Jamie Christensen (HR Generalist just

Promoted to Business Partner) that the failure to promote was because of age.

18.     On or about March 20, 2020, as COVID-19 began afflicting the United States,

Summit Materials (Kilgore's parent company) held a "town hall" meeting for Kilgore's

employees. During that meeting, Summit's President (Tom Hill) announced that Summit's

position was "strong" and that there would be no layoffs. Jason Kilgore (Kilgore's President)

also spoke at the town hall meeting and his statements were consistent with Mr. Hill's.

19.     Approximately 30 minutes after that town hall meeting, Nelson called Murphy

and notified Murphy that he had been "laid off." Nelson claimed that Kilgore had "eliminated"

Murphy's position and eliminated the "HR Service Center" where Murphy worked. Nelson also

terminated the employment of Rick Chevez (HR Administrator) who was the only other person

in the Human Resource Department over age 40.

20.     Despite Nelson's comments, Murphy discovered that Kilgore did not eliminate

his position. Instead, Kilgore has assigned Murphy's prior job duties to employees who are

younger and less qualified than Murphy.

4

21.     Murphy also discovered that Kilgore did not lay off employees who worked in the HR Department who were younger than Murphy and less qualified than Murphy.

22.     At the time Kilgore failed to promote Murphy to the HRBP position, and at the time Kilgore terminated Murphy's employment, he was 61 years-old.

## CAUSES OF ACTION
### Discrimination in Violation of the ADEA, 29 U.S.C. § 623
### (Based on the Failure to Promote and Termination of Employment)

23.     The preceding paragraphs are incorporated herein by reference.

24.     The ADEA makes it unlawful for an employer to take an adverse employment action (including failure to promote) against any individual or otherwise discriminate against any individual with respect to the compensation, terms, conditions, or privileges of employment, because of such individual's age.

25.     Kilgore failed to promote Murphy to the HRBP position because of his age, in violation of the ADEA.

26.     Kilgore terminated Murphy's employment because of his age, in violation of the ADEA.

27.     At the times Kilgore failed to promote Murphy and terminated Murphy's employment, Kilgore either knew that it was in violation of the ADEA or showed reckless disregard for the ADEA's prohibition of discrimination. Thus, Kilgore willfully made the decision to terminate Murphy because of his age, and Murphy seeks an award of liquidated damages pursuant to 29 U.S.C. § 626.

**JURY DEMAND**

28.     Pursuant to Fed. R. Civ. P. 38 and 29 U.S.C. § 626, Murphy demands a trial by jury on all issues triable by a jury.

**REQUEST FOR RELIEF**

WHEREFORE, Murphy requests judgment and relief against Kilgore as follows:

1.      For Murphy's lost wages, including back wages and future wages, in an amount to be calculated during the discovery process;

2.      Because Kilgore's violation of the ADEA was willful, Murphy seeks liquidated damages equal to the amount of his lost wages;

3.      For consequential and special damages, including lost employment benefits and harm to Murphy's future earning capacity, in amount to be determined at trial;

4.      For prejudgment interest on Murphy's damages, as applicable, at the rate of 10% per annum;

5.      For an award of reasonable attorney's fees and costs incurred in bringing this action pursuant to 29 U.S.C. § 626(b).

6.      For post-judgment interest on all amounts awarded at the applicable statutory rate; and

7.      For such other and further relief as the Court deems just and equitable.

Dated this the 23rd day of April, 2021.

STAVROS LAW P.C.

/s/ Austin B. Egan
Austin B. Egan
*Attorney for David Murphy*

6